UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 3:19-32 |
| **JONNIE BAKER,** | : | (JUDGE MANNION) |
| **ALEXANDER MARTINEZ,** | : | |
| **Defendants** | | |

### MEMORANDUM

Presently before the court are the defendants Alexander Martinez's and Jonnie Baker's separate motions to motions to amend their earlier motions to suppress. (Doc. 130; Doc. 132). For the reasons set forth below, the motions will be **GRANTED**.

I. BACKGROUND

Pertinent here, the defendants were arrested as a result of a "ping" performed on Baker's cell phone, which indicated that the phone was near 280 New Hancock Street. After pinging Baker's phone, the police applied for a search warrant of the house at 280 New Hancock Street. On December 27, 2017, police executed a search warrant and the defendants were arrested after attempting to flee 280 New Hancock Street.

On January 22, 2019, both defendants were indicted with possession with intent to distribute methamphetamine and cocaine base (Count I), possession with intent to distribute heroin (Count II), possession with intent to distribute methamphetamine (Count III), possession with intent to distribute cocaine base (Count IV), possession of firearms in furtherance of a drug trafficking (Count V), possession of a firearm with altered serial number (Count VII). In Count VI, Baker alone was charged with being a felon in possession of firearms. (Doc. 1).

On August 27, 2020, Baker filed a motion to suppress challenging the legality of the warrantless ping of his cell phone. (Doc. 94). Martinez joined in Baker's motion. (Doc. 96). On October 21, 2020, the court appointed Martinez a new attorney. (Doc. 117). On November 2, 2020, the government filed a brief in opposition. (Doc. 118). On November 16, 2020, Martinez, through his new counsel, filed a reply brief. (Doc. 119). Baker likewise filed a reply brief. (Doc. 120). The government filed sur-reply briefs to Martinez's and Baker's motions. (Doc. 127; Doc. 128). On January 4, 2021, Baker filed a supplemental brief in support of his motion to suppress providing additional case law. (Doc. 129).

On January 15, 2021, Martinez filed the present motion to amend/correct his motion to suppress, (Doc. 130), and a brief in support,

(Doc. 131). On February 10, 2021, Baker likewise filed a motion to amend/correct his motion to suppress, (Doc. 132), and a brief in support, (Doc. 133). The government filed a brief in opposition. (Doc. 135).

## II.   STANDARD

Pursuant to Fed.R.Crim.P. 12(b)(3)(C), a party in a criminal proceeding is entitled to file a pretrial motion to suppress evidence. Fed.R.Crim.P. 12(b)(3)(C). "At any time before trial, the court may extend or reset the deadline for pretrial motions." Fed.R.Crim.P. 12(c)(2). And "[i]f a party does not meet the deadlines for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed.R.Crim.P. 12(c)(3).

## III.   DISCUSSION

Here, defendants move to amend their suppression motions regarding the warrantless ping on Baker's cellphone and the fruits of the subsequent search of 280 New Hancock Street. In Baker's initial brief supporting his motion to suppress (adopted by Martinez), he argued that, in order to conduct the ping on his cellphone and determine his location, a warrant was required because the ping was a fourth amendment search. In *Carpenter v. United States*, 138 S.Ct. 2206, 2217 (2018), the Supreme Court held that a

warrant is required for police to obtain a person's cell-site location information, which is historic—i.e., tells where the cell phone had been. The ping of Baker's phone revealed his current location. However, based on the reasoning of *Carpenter*, Baker argued he likewise maintained a privacy interest in his current location even though that information was shared with his cell phone provider. Baker further argued that the good faith exception did not apply because the police did not rely on an objectively reasonable, good faith belief. Finally, Baker argued that no exigency existed based on the circumstances. Martinez also filed a support brief of his motion to suppress, adopting all arguments set forth by Baker. (Doc. 97).

      Martinez was appointed new counsel, (Doc. 117), after which the government filed its brief in opposition, (Doc. 118). Martinez then filed his reply brief. (Doc. 119). In it, Martinez, presented a new argument—that the search warrant for 280 New Hancock Street lacked probable cause. (Doc. 119, at 9). While not abandoning his earlier arguments, Martinez additionally argued that, although the affidavit of probable cause stated that the ping indicated the phone was within fourteen meters of 280 New Hancock Street, this contradicted multiple police reports which indicated the ping identified 278 New Hancock Street, a double unit, as the location of the phone. He also argued that the search warrant application was deficient in other ways,

including that it incorrectly indicated alleged participants, that it failed to indicate at least three other home were within 14 meters of 280 New Hancock Street, and that it misrepresented when the police's surveillance of 280 New Hancock Street began. Further, Martinez argued that the generalized nature of the warrant and its failure to include the defendants and the cell phone in the items to be searched and seized did not provide sufficient information in order for the magistrate to determine whether there was probable cause to search 280 New Hancock Street. (Doc. 119, at 12). Finally, Martinez identified several false statements and material omissions he alleges were present in the affidavit, including a discrepancy over the actual address where the ping was located, improper reliance on an implication that a witness said an Uber driver involved with the defendants resided at 280 New Hancock Street, and the lack of connection between the defendants and 280 New Hancock Street. Thus, Martinez alleges that a *Franks* hearing is necessary in order to determine whether these deficiencies were material to the probable cause finding. In his reply brief, Baker makes several of his own arguments but also incorporates Martinez's arguments and likewise requests a *Franks* hearing. (Doc. 120, at 15).

      The government responded in a sur-reply brief, arguing that, instead of responding to the government's brief in opposition, the defendants

presented new arguments beyond the scope of a response brief. Thus, the government argued that the reply briefs were an attempt to raise new motions to suppress, which the government urges the court to deny. Even so, the government elected to provide a "brief rebuttal" to the new arguments. (Doc. 127, at 5).

In response, the defendants both moved to amend their motions to suppress. They contend their new arguments still pertain to the original request that the court suppress all evidence obtained from the search of 280 New Hancock Street. Because Rule 12 does not require the same degree of particularity at the district court level as is required to preserve arguments at the appellate level, they assert that their new arguments are timely. In any case, they argue that the court should consider the arguments for good cause because prejudice to the government is minimal since the government has had an opportunity to address them and the prejudice to defendants in forfeiting their opportunity to raise meritorious suppression arguments would be significant.

The court agrees that there is good cause and will grant the motions to amend. Although the government argues that the motions to amend should be denied for untimeliness, the Court may grant the untimely request if the party shows good cause. Fed.R.Crim.P. 12(c)(3).

It is not uncommon for defendants to change legal strategies after obtaining new counsel—particularly early on in the proceedings—and Martinez understandably did so here at the first opportunity, which was a reply brief. And insofar as the court has not yet ruled on the suppression motions, the government has already endeavored to respond to the newly raised arguments, and jury selection and trial do not yet have a date certain, any prejudice to the government is minimal.

Accordingly, defendants' motions to amend their suppression motions are **GRANTED**, and the arguments raised in their reply briefs will be considered in conjunction with those raised in their initial briefs. The court will, however, permit the government to file a supplemental brief in opposition should it choose to do so. Defendants will likewise have another opportunity to respond in a supplemental reply brief.

An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 16, 2021April 15, 2021**
19-32-03